# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

September 15, 2022

**VIA ECF**  
Honorable Judge John P. Cronan  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, NY 10007-1312

  Re: <u>Rangel, et al v. ABC Mart, Inc. (d/b/a ABC Mart), et al</u>  
    1:21-cv-00947-JPC

Dear Judge Cronan:

  This office represents the Plaintiffs in the above referenced matter. Plaintiffs writes, jointly with Defendants as to Section I below, to submit this letter setting forth our views on why the Court should approve the agreed-upon settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties have agreed to a negotiated settlement agreement ("the Agreement") after extensive settlement discussions. A Countersigned copy of the Agreement is attached hereto as <u>Exhibit</u> A.

  Plaintiffs allege that they were employed by Defendants. Plaintiffs brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"). Plaintiffs allege that Defendants engaged in numerous violations of the FLSA and NYLL, including failure to pay appropriate minimum and overtime wages and failure to provide statutorily-required wage statements and wage notices. Defendants have denied these allegations and assert several affirmative defenses.

  **I.** **The Proposed Settlement is Fair and Reasonable**

  Under the Agreement, Defendants will pay Eighty-Five Thousand Dollars and Zero Cents ($85,000.00) to settle all claims. This settlement amount will be paid in five (5) installments. The installments will begin to be paid within 20 days of the Court's approval of the Agreement. The installments shall consist of five (5) checks, made payable to "CSM Legal, P.C."

  Plaintiffs allege that they are entitled to back wages from Defendants in the amount of approximately One Hundred Thirty-Two Thousand One Hundred Seventy-Eight Dollars and Fifty Cents ($132,178.50). Plaintiffs estimate that if they had recovered in full for their claims, exclusive of attorney's fees, they would be entitled to approximately Three Hundred Twenty-Seven Thousand Six Hundred Forty-Six Dollars and Eighty-Four Cents ($327,646.84). A copy

of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached hereto as <u>Exhibit</u> B.

The parties participated in the mediation process, and were successfully able to come to an agreement. The Plaintiffs agreed to the current settlement amount because they wished to be compensated in part for what they believed they are owed and they do not wish to drag out the litigation process any further, benefitting all parties.

Plaintiffs allege that the Defendants engaged in a variety of FLSA and NYLL violations, including failure to pay appropriate minimum wage and overtime, as well as notice and recordkeeping violations. In determining Plaintiffs' damages, Plaintiffs conveyed what they believed their hours and wages were when they were employed by Defendants. Plaintiffs' counsel then created the damages chart to reflect the information conveyed by Plaintiffs, but the initial calculated damages changed throughout the litigation when new facts were brought to light. The first calculation is an estimate as to what is owed under Plaintiffs' back wages claim. Plaintiffs' calculation of damages included unpaid wages and overtime, liquidated damages on unpaid wages and overtime, annual wage notice violations, weekly wage statement violations, and prejudgment interest on unpaid wages and overtime. Each of these calculations results in the "full recovery amount".

Throughout the litigation, there were contested factual disputes that went to the heart of Plaintiffs' claims. Specifically, Defendants contested Plaintiffs' allegations regarding the number of hours worked and wages paid by presenting documents possibly contradicting Plaintiffs' claims. Defendants also consistently argued that Plaintiffs would be challenged to collect any amount in judgment enforcement proceedings, claiming financial difficulties. A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

As such, Plaintiffs believe the settlement is reasonable, both due to the challenges of prevailing on the merits and because of the risk that Plaintiffs may not be able to collect a post-trial judgment. "Case law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v Cinema 60, LLC*, 948 F Supp 2d 362, 364 (SDNY 2013).

Considering the risks in this case outlined above, Plaintiff believes that this settlement is fair and should be approved. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

## II. Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement agreement, Plaintiffs' counsel will receive Twenty-Nine Thousand Five Hundred Fifty Dollars and Sixty-Six Cents ($29,550.66) from the settlement fund as attorneys' fees and costs. This represents remuneration of the filing fee incurred in filing of the Complaint, service of process, and due diligence performed on the corporate Defendants, plus one third of the remainder of the recovery in this litigation. The lodestar amount, as reflected on the invoice attached hereto as Exhibit C, is $6,592.50, including $1,826.00 in costs.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. City. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Below is a brief biography of individuals who performed billed work on behalf of Plaintiff in this matter, including the effective billable rate which the parties' request that the Court apply should the Court undertake a "lodestar analysis of the fairness of such fees (*see*, e.g, *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 493 F. 3d 110 (2d Cir. 2007):

    i.    Michael Faillace, Esq. ("MF"), was the Managing Member of Michael Faillace & Associates, P.C., which is now CSM Legal, and was in practice from 1983 to November 5, 2021[1]. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment antidiscrimination law as an Adjunct Professor at Fordham University School of Law beginning in 1992 and at Seton Hall University Law School from 1995 to 1998, and he is a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. His work was billed at the rate of $450 per hour, his standard billing rate for matters paid on an hourly basis. Courts have routinely held that hourly fees of $450, or even $500, for counsel with Mr. Faillace's level of experience (37 years) and expertise are reasonable. *See*, e.g., *Manley v. Midan Rest. Inc.*, No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

---

[1] No funds will be distributed to Mr. Faillace unless an application is made to the Court on his behalf, and order is entered to that effect.

    ii. Catalina Sojo ("CS"), is the Managing Member of CSM Legal, P.C., formerly Michael Faillace & Associates. She graduated with a J.D. equivalent degree from Pontificia Universidad Javeriana in Bogota, Colombia, in 2017. She received a Master of Laws degree (LL.M.) from Cornell University School of Law in 2019. Prior to joining Michael Faillace & Associates in June 2020, she focused her practice in intellectual property litigation and enforcement, having worked as an associate at Baker McKenzie and as in-house counsel at ViacomCBS. Her work is billed at a rate of $350 per hour.

    iii. I, Jarret Bodo ("JTB"), graduated with a J.D. from the Maurice A. Deane School of Law at Hofstra University in 2020 and was admitted to the New York State Bar in 2021. Prior to joining CSM Legal, P.C., I worked on personal injury and mass torts cases at Meirowitz & Wasserberg, LLP. My work is billed at a rate of $350 per hour.

    iv. Jasmine Hernandez ("PL") is a paralegal at CSM Legal, P.C., formerly Michael Faillace & Associates, P.C. She graduated from City University of New York Hunter College in May 2018 with a dual Bachelor of Arts in Anthropology and Political Science and joined the firm of Michael Faillace & Associates in April 2019. Ms. Hernandez's work is billed at a rate of $125 per hour, well within a range of rates for paralegal work that courts have routinely approved. See, e.g., Manley, supra, Doc. No. 42, at *37; *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015).

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

          Respectfully submitted,

          /s/ Jarret T. Bodo
          Jarret T. Bodo, Esq
          CSM Legal, P.C.
          *Attorneys for the Plaintiffs*

Enclosures

cc: Defendants' Counsel (via ECF)